**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30170 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-06041-FVS-1 |
| v. | |
| GERARDO DEJESUS SANCHEZ-RAMIREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, Senior District Judge, Presiding

Argued and Submitted July 11, 2012
Seattle, Washington

Before: REINHARDT, KLEINFELD, and M. SMITH, Circuit Judges.

Gerardo Sanchez-Ramirez entered a conditional guilty plea to possession

with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1),

and was sentenced to a term of imprisonment of 210 months. He appeals the denial

of his motion to suppress and his sentence. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Sanchez-Ramirez contends, first, that the district court erred in denying his motion to suppress. He argues that the affidavit in support of the search warrant failed to provide probable cause for the warrant because: (1) Gomez, the individual transporting the methamphetamine to the confidential informant, did not identify the specific address of his supplier, referring only to a house in Pasco, Washington; and (2) the police did not perform a field test to confirm that the substance seized was methamphetamine, instead stating in the affidavit simply that the substance seized was believed to be methamphetamine. We review de novo the denial of a motion to suppress, and review for clear error the finding of the issuing judge that a warrant is supported by probable cause, giving "great deference" to that finding. *United States v. Hill*, 459 F.3d 966, 970 (9th Cir. 2006). The probable cause determination will be affirmed so long as there is a "substantial basis" for the conclusion that probable cause existed. *United States v. Crews*, 502 F.3d 1130, 1135 (9th Cir. 2007).

Here, a confidential informant contacted Gomez to order methamphetamine. Gomez, who was under surveillance, was observed entering his car fifteen minutes after the order was made, driving to a house in Pasco, entering the house, exiting a few minutes later, and driving back to his own house. He was later apprehended as he exchanged the methamphetamine with a middle-man. Gomez confessed that he

2

was transporting methamphetamine, that he had done so in the past, and that he had obtained the methamphetamine from his supplier at a house in Pasco. He stated that he made no stops other than his house and a gas station. This was all consistent with the observations of the police during the surveillance conducted on Gomez.

Given the totality of the circumstances, there was probable cause to believe that evidence of methamphetamine distribution would be found at the house in Pasco. Although Gomez failed to identify the specific address of the house, he had visited only one place in Pasco that day, as corroborated by his confession and police surveillance. Moreover, although the police did not perform a field test to confirm that the substance seized from Gomez and the middle-man was, in fact, methamphetamine, there were other facts supporting that conclusion: the confidential informant ordered methamphetamine, Gomez confirmed that it was methamphetamine, and the police, members of the drug enforcement unit, reasonably believed that the substance was methamphetamine. A field test was not necessary in these circumstances. Therefore, there was a "substantial basis" for concluding that there was probable cause to search the house in Pasco for evidence of methamphetamine distribution.

Sanchez-Ramirez also contends that the district court erred in failing to order the government to move for a third offense level reduction under the United States

Sentencing Guidelines (U.S.S.G.) § 3E1.1(b). Sanchez-Ramirez argues that the reason cited by the government for withholding the motion for a third offense level reduction, that he reserved his right to appeal, is an impermissible reason under U.S.S.G. § 3E1.1(b). This argument is foreclosed by *United States v. Johnson*, 581 F.3d 994 (9th Cir. 2009), where we held that the expenditure of resources in anticipating and preparing for an appeal is an appropriate consideration under U.S.S.G. § 3E1.1(b), and that the district court did not err in failing to order the government to move for the third offense level reduction when, as is the case here, a defendant has reserved his right to appeal.

**AFFIRMED.**